### DAVID GOULD & others *vs.* THOMAS LAMB & others.

L. conveyed real estate to H., by a deed containing this habendum : " To have and to hold the said granted premises to him the said H., as he is trustee under an indenture tripartite, bearing date 8 July A. D. 1830, made by and between C. of the first part, and B. of the second part, to him the said H., in trust as aforesaid and to his successors and assigns, to his and their sole use and behoof forever. " By the indenture referred to, C. had conveyed to H., the party thereto of the third part, personal property, with power to convert it into money and invest the proceeds in real estate, and also real estate in fee simple, on certain trusts, with power to sell it or exchange it for other property, to be held by H. " subject to, and so as not in any way or manner to affect or prejudice the trusts aforesaid, or any of them : " H. purchased the real estate conveyed to him by L., with the trust fund held by him in trust for C. : The trusts created by the indenture were such that H. could not execute them, unless the estate conveyed to him by L. was a fee simple. *Held,* that the deed from L. to H. was to be construed by the reference therein made to the indenture, by which he held in fee simple the real estate therein conveyed to him, on certain trusts, which could not be executed unless the trust estate was a fee simple, and therefore that the deed conveyed a fee simple, though the word " heirs " was not inserted in the habendum.

WILDE, J. This is a bill in equity brought by David Gould, and by Willard Badger and his wife, to enforce the specific performance of a contract between Benjamin W. Lamb, deceased, and Mark Healey, from whom the plaintiffs derive their title. By an indenture, dated July 8th 1830, Sophia A. Badger, one of the plaintiffs, before her marriage with her present husband, conveyed certain real and personal estate to the said Mark Healey, his heirs and assigns, in trust and for the purposes in the said indenture mentioned; in pursuance whereof, the said Healey afterwards made the contract with the said Benjamin W. Lamb, which is set forth in the bill, for the purchase of a certain lot of land and tenements, to be conveyed to said Healey in trust, and to be held by him, and

his successors in the trust, on the trusts set forth in the said indenture. Afterwards, on the 13th of April 1832, the said Benjamin W. Lamb, by his deed of that date, did convey to the said Healey the said lot of land and tenements, to have and to hold the same in trust, and for the purposes in said indenture mentioned ; and the question is, whether the said conveyance was in pursuance of the said contract. The defendants insist that, by the said conveyance, a good estate in fee simple passed to the said Healey, and that thereby the said Benjamin W. Lamb's contract with the said Healey was fully performed. On the other hand, the plaintiffs charge that it was not, and pray that the defendants, who are the heirs and the administrator of the estate of the said Benjamin W. Lamb, may be ordered to complete and carry into full effect his said contract, by the conveyance of all his and their right and title in and to said premises to David Gould, one of the plaintiffs, who has succeeded the said Healey as trustee of said estate, in pursuance of a provision in said indenture contained.

By the contract, the said Benjamin W. Lamb was obligated to give " a deed or assurance of the said land and tenements, with usual covenants of warranty, by means whereof the same land and tenements shall become and be vested in the said Healey, and his successors in said trust, in fee simple forever, upon the trusts and for the purposes in the said indenture declared, free from all incumbrances and impediments of title whatsoever."

The words of the habendum of the deed of said land and tenements given by said Lamb to said Healey, upon which the question depends, are these : " To have and to hold the said granted premises to the said Mark Healey, as he is trustee under an indenture tripartite, bearing date 8 July, A. D. 1830, made by and between Sophia Ann Cross, then widow, but now wife of said Willard Badger, of the first part, and said Willard Badger, of the second part, to him the said Mark Healey, in trust as aforesaid, and to his successors and assigns, to his and their sole use and behoof forever."

The objection to the title is, that this conveyance did not create a fee simple estate in Mark Healey, it not being a conveyance to him and his heirs; the word " heirs " being absolutely necessary to create a fee simple; and this is the general rule, undoubtedly. But to this, as to all general rules, there are exceptions. As, if lands be given and granted to a bishop, parson, or the like, to have and to hold to him and his successors, this is a fee simple. So if lands be granted to a corporation aggregate, without the word " successors," or any other word, it will create a fee simple estate. So if one recite that B. hath enfeoffed him of white acre, to have and to hold to him and his heirs, and he doth grant the same to C., by this, C., the grantee, takes a fee simple of this acre. Shep. Touch. 101. So if a father enfeoffs his son, to hold to him and his heirs, and the son reënfeoffs the father as fully as the father enfeoffed him, an estate in fee simple will pass. Co. Lit. 9 *b.* Cruise's Dig. tit. 32, *c.* 24, § 8. 2 Crabb on Real Property, § 956. And undoubtedly a fee simple may be created by other words of reference to deeds and instruments, without the use of the word " heirs," where the intention appears clear. And so we think the deed in question is to be construed, by the reference made to the indenture, by which the personal property of Sophia Ann Cross was conveyed to the said Healey, with power to convert it into money, and invest the proceeds in real estate, and her real estate was conveyed to him in fee simple; the personal and real property being conveyed to him in trust. The land and tenements purchased of Benjamin W. Lamb were purchased with the trust fund, conformably to the said power given him in the indenture, and by which he was required to hold the property obtained by him by purchase or exchange, " subject to, and so as not in any way or manner to affect or prejudice the trusts aforesaid," that is, the trusts created by indenture. By that indenture, the trustee was to hold the property in trust for the said Sophia, her heirs, executors, administrators and assigns, until the said intended marriage should be solemnized, and afterwards to hold the same upon sundry other trusts; and finally,

after the decease of the said Sophia, the trustee was to convey the property to such persons as she, by any will under her hand, attested by two witnesses, should direct and appoint; and in default of such appointment, then to the right heirs of the said Sophia. Meanwhile the trustee was authorized to sell the trust property, or to exchange it for other property, as before remarked. By reference to these provisions in the indenture, the construction of the deed in question is obvious. By the express words of the habendum, the trustee was to have and hold the property conveyed, as he is trustee under the indenture. And under the indenture he held the real estate that was first conveyed to him, in fee simple; and without having such an estate, he could not execute the trusts created by the indenture. And it is a well settled rule of construction, that where the legal estate is conveyed in trust, it must be commensurate with the trust. This was so decided in the case of *Newhall* v. *Wheeler*, 7 Mass. 189, a case very similar to the present. The land in that case was conveyed to the selectmen of Hollis, and to their successors in office, without words of limitation, in trust for one Josiah Hunt and his heirs; and it was held, that as Hunt had an equitable estate in fee simple, the legal estate of the trustees was a fee simple estate also. See also *Stearns* v. *Palmer*, 10 Met. 36.

For these reasons, we are of opinion that the deed from Lamb to Healey passed an estate in fee simple, and was a full performance of his contract.

*Bill dismissed.*

*A. H. Fiske*, for the plaintiffs.
*Cooke*, for the defendants.